IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENKA LAB, LLC and            )
BRONNIKOV CONSULTING, LLC )
                              )
          Plaintiffs,         )
v.                            )          Case No.: 2:25-cv-00522
                              )
JOSEPH PLACZEK,               )
                              )
                              )
          Defendant.          )

**PLAINTIFFS JENKA LAB, LLC AND BRONNIKOV CONSULTING,
LLC'S BRIEF IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE
AND FOR EXTENSION OF TIME**

I.    **Introduction**

Plaintiffs have diligently attempted to serve Defendant, but have been unable to perfect service. Upon information and belief, Defendant is actively avoiding service. Plaintiffs have searched records, conducted skip traces, and attempted service numerous times, but were unable to serve Defendant.

Plaintiffs therefore request that the Court allow them to serve Defendant by publication pursuant to Pa.R.C.P. No. 430. In addition, Plaintiffs request that this Court extend their time to serve so that Plaintiffs have sufficient time to perfect service by publication.

## II.    <u>Procedural and Factual Background</u>

Plaintiffs filed the present lawsuit against Defendant on April 15, 2025. As Defendant had personally provided his address to the Plaintiffs, Plaintiffs immediately began attempting service at the Defendant's self-identified address (see, Decl. of Melanie K. Lane at ¶ 3, and Exhibit "E").

Plaintiffs engaged a process server to conduct service on Defendant due to the information available to them but were unable to effectuate service. (see, Decl. of Melanie K. Lane at ¶¶ 5-6).  In an effort to determine if Plaintiffs were attempting service at the correct address, Plaintiffs conducted a skip trace. (see, Decl. of Melanie K. Lane at ¶ 9). The skip trace demonstrated that Plaintiffs were attempting service of Defendant at his last known address. (Exhibit "A" and Decl. of Melanie K. Lane at ¶ 10). Plaintiffs' process server, attempted service nine (9) separate times, varying in time of day and week (Exhibit "B"). Those efforts, however, were unsuccessful.

As such, Plaintiffs requested an extension of time to serve Defendant on or about June 24, 2025. The Court granted the Motion on June 25, 2025. As a continued effort to locate and serve Defendant, Plaintiffs submitted a Freedom of Information Act Request. The Postal Service, however, stated that it does not "keep a centralized file of the whereabouts of all its customers." (see, Exhibit "C"). The Postal Service

also stated that the information was protected by the Privacy Act, 5 U.S.C. § 552a and stated that it was prohibited from providing the requested information. (*Id.*).

Plaintiffs have undertaken several measures in order to locate and serve Defendant. It has attempted service at Defendant's last known address but has been unsuccessful. It is apparent that Defendant is purposefully evading service as the address at which Plaintiff has attempted service has been currently and continuously found to be associated with Defendant. As such, Plaintiffs request that the Court grant this Motion for Alternative Service.

## III.   Argument And Citation to Legal Authorities

### A.        Legal Standard for Service by Publication

If service is not possible pursuant to the methods provided in Pennsylvania Rules 402, 403, and 404, a Plaintiff "may move the court for a special order directing the method of service." Pa. R.C.P. No. 430.

Under Pennsylvania law, alternative service may be permitted if Plaintiff meets certain conditions. *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014) (*citing Calabro v. Leiner*, 464 F. Supp. 2d 470, 471-72 (E.D. Pa. 2006)).  First, the plaintiff "must make a 'good faith' effort to locate [the] defendant." *Calabro*, 464 F. Supp. 2d at 472. Next, Plaintiff "must show that she has made practical efforts to serve [the defendant] under the circumstances." *Calabro*,

3

464 F. Supp. 2d at 472 & n.4 (*citing Clayman v. Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)). If the plaintiff has satisfied the first two requirements, the plaintiff must "propose alternate means of service" which will provide the defendant notice of the proceeding. *Calabro*, 464 F. Supp. 2d at 472 (*citing Clayman*, 173 F.R.D. at 140).

First, to prove a good faith effort, Pennsylvania law has provided some examples of potential avenues.

> An illustration of a good faith effort to locate the defendant includes [:] (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. Civ. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in ...[Pennsylvania] Rule 430(a)...to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4 (*citing Long v. Polidori*, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003)).

Next, the plaintiff must show that efforts were made to serve the individual. Courts in the Third Circuit have found that six (6) service attempts could be considered a sufficient effort to service Defendant. *Banegas v. Hampton*, CIV.A. 08-5348, 2009 WL 1140268 (E.D. Pa. Apr. 27, 2009). Additionally, service attempted on different times of day and on different days of the week can further show practical efforts. *Id.*

4

Finally, the plaintiff must provide a means of service that will give the defendant actual notice of the action. *Clayman*, 173 F.R.D. 138 (E.D. Pa. 1997). Once these three requirements are met, the Court may grant plaintiff the ability to serve by alternative means.

**B.        Plaintiffs Made a Good Faith Effort to Locate Defendant**

Plaintiffs exhausted all channels of information that they are aware of or which it could have become aware of through the exercise of due diligence in attempting service of Defendant. Specifically, Plaintiffs were informed of Defendant's address through their initial correspondence, which brought notice of the matters at issue in this lawsuit (Decl. of Melanie K. Lane at ¶ 4). Next, in order to confirm the address was accurate, Plaintiffs conducted a skip trace on Defendant (see, Exhibit A). In addition, Plaintiffs conducted a record search for both criminal and civil litigation records in Allegheny County. The most recent litigation involving Defendant in Allegheny County, was a federal lien filed at GD-17-001459 which was satisfied on February 2, 2018, and identified Defendant's address as 108 Fairview Street, which is where Plaintiffs attempted service (See Exhibit "D"). Finally, Plaintiff conducted a Freedom of Information Act request through the United States Postal Service, which was unable to provide any information (Exhibit C and Decl. of Melanie K. Lane at ¶¶ 11-12).

These findings all pointed Plaintiffs to the same address, which Defendant had personally provided as his address. Plaintiff was unsuccessful at serving Defendant at that address, despite numerous attempts. Given that Defendant provided the address, along with an investigator providing skip trace results finding the same address, Plaintiffs have made a good faith effort to serve Defendant.

**C.      Plaintiffs Made Practical Efforts to Serve Defendant**

Next, Plaintiffs made practical efforts in order to serve Defendant at the known address. Specifically, Plaintiffs engaged a Pennsylvania process server to conduct several service attempts. The process server made nine (9) separate attempts at various times of the day and week, spanning the course of nearly a month and a half (see, Exhibit B). The times of service ranged from 8:17 AM to 6:52 PM, encompassing all days of the week except Sunday (*Id.*).

The process server provided images from each attempt, showing that the house had its shades drawn, making it impossible to tell if Mr. Placzek was at home. However, the process server did capture an image with a truck parked outside the house (Decl. of Melanie K. Lane at ¶ 8).

Based on the diverse and varied times of day and week, Plaintiffs believe that Defendant is actively avoiding service.

6

**D.        Defendant Will be Notified of the Pending Litigation Through Mail or Publication**

Given Plaintiffs' numerous good faith efforts to reach Defendant that were met with no response, Plaintiffs now ask the Court to grant permission for alternative service. Given that Plaintiffs have received no information regarding residence contrary to the addresses attempted, Plaintiffs request that the Court grant permission to serve by mail and publication, pursuant to Pa. R.C.P. No. 430. In the alternative, or in conjunction with service by mail and publication, Plaintiffs request an extension of time to serve Defendant via service by publication.

Given the factual evidence provided, there is a strong likelihood that Defendant resides in this district and at the stated address. Given the substantial likelihood that Defendant resides at the found address, Defendant will be notified of this litigation and should be deemed as served. Plaintiffs have exhausted all available resources in order to properly serve Defendant, and now requests that this Court grant Plaintiffs the ability to serve Defendant by alternative measures.

## IV.    <u>Conclusion</u>

Because Plaintiffs were diligent in their service efforts but were unable to effectuate service by standard methods, Plaintiffs request that the Court allow Plaintiffs to serve Defendant by mail and publication as permitted by Pennsylvania law. In addition, Plaintiffs request an additional sixty (60) days, from the current

September 12, 2025 deadline, or by November 12, 2025, to effectuate service of the

Complaint.

Respectfully submitted this 20th day of August, 2025.


*/s/ Joshua A. Lyons*
Joshua A. Lyons

Maurice A. Nernberg & Associates
301 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412.232.0334
jal@nernberg.com
*/s/Melanie K. Lane*
Kennington R. Groff
GA Bar No.: 782901
Melanie Lane
GA Bar No.: 831941
Robin Gentry
GA Bar No.: 289899

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305exg
Telephone: 404.537.3686
kgroff@founderslegal.com
mlane@legalfounders.com

*Counsel for Plaintiffs*